# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 2, 2002 Session

## STATE OF TENNESSEE v. PAUL DENNIS REID, JR.

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 97-C-1834   Cheryl Blackburn, Judge**

---

**No. M1999-00803-SC-DDT-DD - Filed November 26, 2002**

---

ADOLPHO A. BIRCH, JR., J., concurring and dissenting.

I concur with the majority's opinion affirming the conviction of the defendant. With regard to the imposition of the death sentences in this case, however, I cannot agree. My concerns, as expressed below, pertain to my continued dismay with the comparative proportionality review protocol imposed by the majority.

In accordance with my previous dissents, I maintain that the comparative proportionality review process applied by this Court fails because it does not protect defendants from the arbitrary and disproportionate imposition of the death penalty. See, e.g., State v. Austin, –S.W.3d–, (Tenn. 2002) (Birch, J., concurring and dissenting); State v. Godsey, 60 S.W.3d 759, 793 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Bane, 57 S.W.3d 411, 431 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Chalmers, 28 S.W.3d 913, 923 (Tenn. 2000) (Birch, J., concurring and dissenting); State v. Keen, 31 S.W.3d 196, 234 (Tenn. 2000) (Birch, J., dissenting). In this context, this case is not distinguishable from those listed.

I have grave concerns, as expressed in the aforementioned dissents, about the comparative proportionality review protocol employed by the majority in capital cases. There has, in my opinion, been no meaningful effort to address and rectify these concerns. This lack of effort, in combination with my strongly held conviction that the Court is not properly fulfilling its statutory obligation to determine whether "the sentence of death is excessive or disproportionate to the penalty imposed in similar cases,"[1] causes me to respectfully disagree with the decision to affirm the death penalty imposed in this case. Accordingly, I would reverse the sentences of death and remand the case for re-sentencing.

ADOLPHO A. BIRCH, JR.

---

[1] Tenn. Code Ann. § 39-13-206(c)(1)(D) (2001).